**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER CHASE,

      Petitioner-Appellant,

      v.

DEPARTMENT OF CORRECTIONS
OF THE STATE OF NEW MEXICO,
and THE NEW MEXICO ATTORNEY
GENERAL, GARY K KING,

      Respondents-Appellees.

No. 09-2219

(D. of N.M.)

(D.C. No. CIV-08-377-JCH)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Christopher Chase was convicted by a New Mexico state court pursuant to

an *Alford* plea. Proceeding pro se,[1] Chase seeks a certificate of appealability

(COA) to appeal the district court's denial of his habeas corpus petition. After

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Chase proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Brown v. Perrill*, 21 F.3d 1008, 1009 (10th Cir. 1994).

carefully reviewing the record, we conclude Chase has not presented sufficient evidence that his plea was not entered intelligently and voluntarily.

Exercising jurisdiction under 28 U.S.C. § 2254, we therefore DENY his request for a COA and DISMISS his appeal.

## I. Background

Chase was indicted on 32 counts ranging from criminal sexual penetration to kidnapping. These charges arose from a series of incidents involving eleven victims, and all of the incidents related to Chase's abuse of his authority as a police officer. During state criminal proceedings, Chase was represented by counsel, who unsuccessfully attempted to sever the trial and suppress all out-of-court identifications of Chase as the perpetrator of these crimes.

After these motions proved unsuccessful, Chase entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), maintaining that while he was innocent of the crimes, the government had presented sufficient evidence to proceed to trial. His plea covered 10 of the counts, and the government agreed not to prosecute the remaining 22 counts. The plea agreement stated that his maximum term of incarceration would be 15 years. According to Chase's testimony at the sentencing hearing, he entered his plea so he "could have a little closure," and he did this for the sake of his family. Sentencing Hearing Tr., p. 14. His lawyer elaborated that he took the plea because the maximum sentence according to the plea agreement was less than what he would have received if he

had been convicted of even one of the charged crimes. The court accepted

Chase's plea and sentenced him to 15 years of incarceration.

The plea agreement signed by Chase stated that he "specifically waives his

right to appeal as long as the court's sentence is imposed according to the terms

of this agreement." R., Vol. 1, p. 90. When canvassing Chase, the district court

judge confirmed that he understood he was waiving "the right to have a trial or

appeal a trial conviction to a higher court." R., Vol. 3, p. 483. Chase's counsel

refused to file a direct appeal on his behalf, but Chase filed a pro se petition for

state post-conviction relief. He was denied relief, and the New Mexico Supreme

Court denied certiorari.

Chase filed a federal application for a writ of habeas corpus under 28

U.S.C. § 2254, raising seven claims. He later filed a supplemental petition adding

an eighth claim. The claims were: (1) ineffective assistance of counsel resulting

in an involuntary plea; (2) an unconstitutional identification process; (3)

insufficient evidence; (4) ineffective assistance of counsel during pre-trial

activity; (5) prosecutorial misconduct; (6) due process violations based on

publicity; (7) unfair sentencing in violation of due process; and (8) ineffective

assistance of counsel based on conflicting language in the plea canvass and plea

waiver.

The district court dismissed claims two through six as relating only to

events that took place before the *Alford* plea, which were unappealable due to a

waiver in the plea agreement. The district court held claim seven, which arose from Chase's inability to review the pre-sentence report before he was sentenced, did not raise a constitutional issue. Finally, the district court examined claims one and eight on the merits, and found Chase had not presented sufficient evidence that his plea was not made voluntarily or intelligently. For these reasons, the district court denied habeas relief, and declined to grant a COA.

Chase seeks a COA from this court on his first and eighth claims.

## II. Analysis

In order to obtain a COA, Chase must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A guilty plea is not valid unless it is entered intelligently and voluntarily, with a demonstration on the record that the defendant knew the constitutional rights he was waiving by pleading guilty. *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). When a defendant claims that the ineffective assistance of counsel led him to plead guilty involuntarily, he must prove, first, that his counsel's conduct was objectively unreasonable, and second, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

### A. Voluntary Nature of Plea Agreement

Claim one directly attacks whether Chase intelligently and voluntarily entered into the plea agreement, and thereby waived his constitutional rights.

-4-

Specifically, Chase has couched this claim in terms of ineffective assistance of counsel. Since this claim challenges the validity of the plea itself, we need not address whether this claim is covered by the scope of the appeal waiver contained within the plea agreement.

The district court concluded Chase did not present sufficient evidence that his guilty plea was involuntary. Chase claims his attorney promised him he would be sentenced to no more than 9 years of imprisonment, and that he would not have pleaded guilty if he had understood he could be sentenced for up to 15 years. Chase also claims he did not understand the true nature of an *Alford* plea and would not have pleaded guilty if it had been correctly explained to him. These contentions are undermined by statements made in the record.

The plea agreement, which Chase signed, states that "the parties agree to a 'cap' of 15 years incarceration" and "the defendant may be ordered to serve a period of incarceration up to fifteen (15) years at initial sentencing." R, Vol. 1, p. 88–89. The agreement later states "I have read and understand this agreement. . . . I have discussed the case and my constitutional rights with my lawyer." R., Vol. 1, p. 91.

During sentencing, the following exchange occurred:

THE COURT: Have you read the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you gone over these charges, the possible penalties for the charges, the terms and conditions of the plea with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions regarding the charges, the possible penalties for the charges or the terms and conditions of the plea?

THE DEFENDANT: No, ma'am.

THE COURT: You understand that by entering into this plea agreement, you waive the following constitutional rights, the right to plead not guilty, the right to a jury trial, the right to see, hear, question and cross-examine witnesses who may testify against you, the right to present evidence on your own behalf, the right to have the State compel the attendance of witnesses of your choosing, the right to remain silent and not be forced to incriminate yourself, the right to be presumed innocent, the right to have the State bear the burden of attempting to prove you guilty beyond a reasonable doubt and the right to have a trial or appeal a trial conviction to a higher court. Do you understand these rights?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you wish to knowingly and voluntarily give up these rights to enter into this plea?

THE DEFENDANT: Yes, ma'am.

. . .

THE COURT: Were there any promises made to you other than those contained in this plea agreement?

THE DEFENDANT: No, ma'am.

THE COURT: Are you pleading guilty knowingly, voluntarily and of your own free will?

THE DEFENDANT: Yes, ma'am.

THE COURT: And you understand, sir, that although you are pleading guilty pursuant to *Alford*, I will find you guilty of these charges?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you understood everything that I've said to you today?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions that you would like to ask me or your attorney?

THE DEFENDANT: No, ma'am.

R., Vol. 3, p. 483.

The district court concluded, based on these statements, that Chase had failed to prove that his counsel's performance was deficient, or that he was prejudiced by counsel's performance. An erroneous sentence calculation does not automatically render counsel's assistance ineffective. *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Nor do Chase's unsupported assertions that he would have gone to trial demonstrate prejudice, especially given his statements during sentencing regarding his motivation in accepting the plea agreement.

Reasonable jurists would not debate the correctness of these conclusions, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and therefore we deny a COA on this claim.

*B. Conflicting Language in the Plea Canvass and Plea Agreement*

Chase argues that he did not give up the right to an appeal, and that it was ineffective assistance of counsel for his attorney to tell him he had given up this right. The district court concluded that Chase had given up his right to an appeal when he signed the plea agreement, which specifically waived this right. The plea agreement states:

> Unless this plea is rejected or withdrawn, the defendant gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement. The defendant specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement.

R., Vol. 1, p. 90. Having already determined that Chase entered into the plea agreement intelligently and voluntarily, the district court found this claim presented no evidence of ineffective assistance of counsel or that the plea had been entered into involuntarily. Because this conclusion is not debatable among jurists of reason, we deny a COA.

### III. Conclusion

Because Chase has failed to present "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY a COA and DISMISS

his appeal.  We DENY his motion to appoint counsel.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge