FILED
United States Court of Appeals
Tenth Circuit

**April 28, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER CHASE,

        Petitioner − Appellant,

v.

GREGG MARCANTEL, N.M. Secretary
of Corrections,

        Respondent − Appellee.

No. 15-2017
(D.C. No. 1:14-CV-00859-MV-KBM)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Christopher Chase, a New Mexico prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

second 28 U.S.C. § 2254 application for lack of jurisdiction. We deny a COA and

dismiss this matter.

In 2006, Mr. Chase pleaded guilty to three counts of criminal sexual

penetration, three counts of kidnaping, one count of aggravated battery, one count of

criminal sexual penetration of a child thirteen to eighteen years old, one count of

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

criminal sexual contact with a minor, and one count of criminal sexual contact. He was sentenced to fifteen years in prison. After subsequent unsuccessful state-court proceedings, he filed a § 2254 application in federal district court asserting, among other things, that his counsel's ineffectiveness caused him to enter an involuntary plea. The court denied relief and dismissed the application. This court denied a COA and dismissed Mr. Chase's appeal. *See Chase v. Dep't of Corr.*, 364 F. App'x 499, 500 (10th Cir. 2010).

On September 19, 2014, after additional state-court proceedings, Mr. Chase filed a second § 2254 application in federal district court again asserting ineffective assistance of counsel with respect to his plea. He supported his argument with alleged new law—*Lafler v. Cooper*, 132 S. Ct. 1376 (2012). The district court dismissed the application for lack of jurisdiction and denied a COA, determining that the application was second or successive. The court declined to transfer the application to this court because *Lafler* did not announce a new rule of constitutional law and therefore it would not apply retroactively to Mr. Chase's conviction. *See In re Graham*, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam) (holding in 28 U.S.C. § 2255 proceeding that *Lafler* does not establish new rule of constitutional law).

Mr. Chase now seeks a COA from us. He asserts that (1) the district court erred in dismissing his application sua sponte without the benefit of briefing or an

- 2 -

evidentiary hearing; (2) *Lafler* applies to his case; and (3) he has made a substantial showing of the denial of his constitutional right to effective assistance of counsel.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. Chase] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his application on procedural grounds, we will grant a COA only if he "shows, at least, that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Chase has failed to make this showing. He may not file a second or successive § 2254 application in the district court unless he first obtains our authorization to do so. *See* 28 U.S.C. § 2244(b)(3)(A). Because he did not obtain our authorization, the district court correctly found that it lacked jurisdiction to consider the merits of the § 2254 application and appropriately dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam) (explaining that district court has discretion to transfer unauthorized application if it is in the interests of justice to do so or may dismiss for lack of jurisdiction). Furthermore, in dismissing, the court correctly relied on *Graham* to determine that *Lafler* did not present a new rule of constitutional law. We therefore

conclude that it is not debatable that the application did not state a valid claim for the denial of a constitutional right and that the district court was correct in its procedural ruling. Nor did the court err in dismissing the § 2254 application sua sponte without briefing or a hearing.

Accordingly, we deny Mr. Chase's application for a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk